UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STONEY JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INDIANA DEPARTMENT OF CORRECTION,<br><br>　　　　Defendant. | CAUSE NO. 3:20-CV-313-DRL-MGG |

OPINION & ORDER

Stoney Johnson, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Johnson alleges that, on July 1, 2019, he lost consciousness in his cell after informing numerous correctional officers that he felt unwell. He attributes this incident to chest pains and says he has since been denied access to a physician. Based on these allegations, Mr. Johnson asserts an Eighth Amendment claim of deliberate indifference to serious medical needs against the Indiana Department of Correction.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the

defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). While Mr. Johnson may be able to assert a valid Eighth Amendment claim for money damages, he has not done so here because the Eleventh Amendment bars citizens from suing state agencies such as the Indiana Department of Correction. *See Kashani v. Purdue University*, 813 F.2d 843 (7th Cir. 1987). Because the Indiana Department of Correction is not a suable entity, Mr. Johnson cannot proceed on a claim for money damages against it.

Mr. Johnson also seeks appropriate medical treatment for his chest pain. For prisoner cases, the court has limited authority to order injunctive relief. *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Specifically, "the remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Id.* Mr. Johnson may proceed on this claim; but, injunctive relief, if granted, will be limited to requiring correctional officials to provide medical treatment as required by the Eighth Amendment. The Warden of the Miami Correctional Facility has both the authority and the responsibility to ensure that Mr. Johnson receives the medical treatment to which he is entitled under the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). The Warden will be added as a defendant for purpose of Mr. Johnson's injunctive relief claim.

For these reasons, the court:

(1) DIRECTS the clerk to add the Warden of the Miami Correctional Facility as a defendant;

(2) GRANTS Stoney Johnson leave to proceed on an injunctive relief claim against the Warden of the Miami Correctional Facility in his official capacity to obtain the medical treatment for chest pain to which he is entitled under the Eighth Amendment;

(3) DISMISSES the Indiana Department of Correction;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on the Warden of the Miami Correctional Facility at the Indiana Department of Correction with a copy of this order and the complaint (ECF 3) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that the defendant respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which Stoney Johnson has been granted leave to proceed in this screening order.

SO ORDERED.

May 13, 2020                                      *s/ Damon R. Leichty*
                                                  Judge, United States District Court